JOHN A. O'REILLY, Appellant, *v.* THE CORPORATIONS OF THE LONDON ASSURANCE, Respondent.

*N. Y. Supreme Court, Fourth Department, General Term, May* 12, 1889.

1. *Stare decisis.*—The general term will follow the opinion of the Court of Appeals on a second appeal in the same case, though there is a variation from, and an addition to, the former evidence on the latter·trial, if it is insufficient to overcome the difficulties in the way of the plaintiff's recovery stated in such opinion.
2. *Insurance.    Renewal.*—There is no present renewal of an insurance policy, where payment of the premium is not made or arranged in any way or waived, nor credit agreed to be given therefor, and further action is contemplated by the parties to the transaction.

Appeal from a judgment entered upon a decision granting a nonsuit.

A previous trial of the action was had before a referee, who decided in favor of the plaintiff. The judgment entered upon his decision was affirmed by this court, and reversed by the court of appeals. The opinion delivered upon the reversal is found in 101 N. Y. 575.

Plaintiff is the assignee of one Nicholas Craner, who held the defendant's policy of insurance of $1,500 upon his building, in the village of Jordan, from the 14th day of August, 1879, for one year from that date. The fire occurred February 2, 1881, and plaintiff seeks to recover by virtue of a parol agreement claimed to have been entered into between the defendant's agent, Jackson, and Nicholas Craner, about two weeks before the policy expired, for the renewal of the policy or a continuance of the insurance for another year.

Upon the trial under review, the principal witnesses who testified on the former trial were again examined, and extended and amplified their evidence to some extent. The testimony which they gave upon the former trial is referred to in the opinion delivered in the court of appeals on pages 578 and 579 of 101 N. Y. Rep.

*Gray & Kline*, for appellant.

*Foster & Thompson, L. Marshall*, for respondent.

HARDIN, P. J.—Although the evidence given upon this trial varies somewhat from the evidence given upon the trial which was reviewed by the court of appeals, and upon some of the points discussed in the opinion there is some additional evidence, still, as we understand the opinion delivered in that court, it was insufficient to overcome the difficulties in the way of the plaintiff's recovery stated in the opinion.

After a recapitulation of the main features of the evidence given in the former trial, the opinion proceeds to say, viz :

" Upon these facts we think it cannot be held that Cra-

ner had a valid insurance or a valid contract for insurance upon his property. There was no present renewal of his policy, and, considering the terms of the policy and all the circumstances, we think Craner and Jackson could not have supposed or understood that a binding contract for the renewal had been made. The premium was not paid or arranged in any way, and it was not agreed that credit should be given therefor. There was nothing but the casual conversation detailed by the two witnesses: which took place four weeks before the renewal would be needed. Further action must have been contemplated by the parties to the transaction. Craner should have paid or tendered the premium and asked for the renewal. It cannot be held that payment of the premium was waived, as the defendant knew nothing about the alleged renewal, and Jackson either did not understand that there was any renewal, or had forgotten the conversation he had had with Craner."

Notwithstanding the changes made in the evidence, we are of the opinion that it is our duty to follow the language we have just quoted from the opinion, and to sustain the non-suit granted at the circuit.

Judgment affirmed, with costs.

MARTIN, J., and MERWIN, J., concur.